# In the United States Court of Federal Claims

No. 11-cv-236

(Filed: February 7, 2014)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

DEMODULATION, INC.,

            Plaintiff,

v.

THE UNITED STATES,

            Defendant.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## ORDER

On December 20, 2013, Plaintiff Demodulation, Inc. ("Demodulation") filed a motion to compel discovery of an un-redacted copy of a May 19, 2011 email entitled "Demodulation Litigation hold" sent from Dr. Lisa Porter to Tricia Wellman ("Porter Memo"). (Dkt. No. 42). The Government argues that the Porter Memo contains communications protected by the attorney-client privilege. On February 4, 2014, the Court heard oral argument on the issue, and the Government supplied the Court with an unredacted version of the Porter Memo for *in camera* review. For the reasons set forth below, Plaintiff's motion to compel production of an un-redacted copy of the Porter Memo is denied.[1]

Plaintiff first inquired into the reasons for the redaction of the Porter Memo on June 26, 2013. (Dkt. No. 43-1 at GA3). After further discussion between counsel, the Government agreed to produce a copy of the Porter Memo that revealed the names of the recipients but not the attorney-client information. At the time the memo was written, Dr. Porter was the Director of the Intelligence Advanced Research Projects Activity, a U.S. research agency under the Director of National Intelligence ("DNI"). The Government informed Demodulation that one of the recipients of the email, Ms. Wellman, was an

---

[1] This order addresses only the motion to compel production of an un-redacted copy of the Porter Memo. The Court will discuss the motion to compel classified reports during the next status conference.

attorney and the two individuals who were copied on the email were assisting Dr. Porter and Ms. Wellman. (Dkt. No. 43-1 at GA7).

After reviewing the document *in camera*, the Court finds that the assertion of the attorney-client privilege was proper. The attorney-client privilege protects the communication of information from a client to a lawyer to enable the lawyer to give informed advice or assistance in a legal proceeding. See In re Spalding Sports Worldwide, Inc., 203 F.3d 800, 805 (Fed. Cir. 2000). Here, Ms. Wellman was providing assistance in a legal proceeding—Demodulation had filed its complaint against the Government the previous month. In response to the litigation hold, Dr. Porter was providing information to Ms. Wellman that would enable Ms. Wellman to assist the Government in this legal proceeding. Accordingly, the communication is protected by the attorney-client privilege, and Plaintiff's motion to compel production of an un-redacted copy of the Porter Memo is DENIED.

IT IS SO ORDERED.

s/ Thomas C. Wheeler
THOMAS C. WHEELER
Judge