# In the United States Court of Federal Claims

No. 11-236C

(Filed: February 10, 2014)

```
*****************************
                              *
DEMODULATION, INC.,           *
                              *
                Plaintiff,    *
                              *   RCFC 60(b)(6) Motion to Vacate
                              *   Prior Rulings; Effect of Judge's
v.                            *   Disqualification Under 28 U.S.C. §
                              *   455(a).
THE UNITED STATES,            *
                              *
                Defendant.    *
                              *
*****************************
```

*Benjamin D. Light*, Law Office of Sean R. Callagy, LLC, Paramus, New Jersey, for Plaintiff.

*Gary L. Hausken*, Assistant Director, with whom were *Stuart F. Delery*, Assistant Attorney General, *John Fargo*, Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, D.C., for Defendant.

## AMENDED OPINION AND ORDER

WHEELER, Judge.

The Court vacates its February 7, 2014 order (Dkt. No. 47) and substitutes the following amended opinion and order.

On December 20, 2013, Plaintiff Demodulation, Inc. ("Demodulation") filed a motion to vacate Judge Susan G. Braden's prior substantive rulings in this case and to compel discovery. (Dkt. No. 42). Judge Braden disqualified herself from this case in August 2013, but had issued rulings on July 12, 2013 on the parties' cross-motions for partial summary judgment, and on February 29, 2012 on Defendant's motion to dismiss. Demodulation's motion to vacate has been fully briefed, and on February 4, 2014, the

1

Court heard oral argument on this motion. For the reasons set forth below, the motion to vacate is granted.[1]

## Background

Demodulation filed its initial complaint on April 14, 2011, and the Clerk's Office randomly assigned this case to Judge Braden. In the complaint, Demodulation identified Clarence "Bud" Albright, former Undersecretary of Energy, as a potential fact witness. Compl. ¶ 25. Over the course of the next 27 months, Judge Braden managed the case, and issued the two above noted opinions on substantive motions. On August 1, 2013, Judge Braden issued a notice of intent to disqualify herself pursuant to Canon 3(D) of the Code of Conduct for United States Judges and 28 U.S.C. § 455(a).

In the notice, Judge Braden informed the parties that she intended to disqualify herself from the case unless waivers were provided by both parties. Waivers were not received on behalf of all parties, and on August 26, 2013, Judge Braden issued an order disqualifying herself. (Dkt. No. 30). The Clerk's Office reassigned the case to Judge Thomas C. Wheeler.

On December 20, 2013, Demodulation filed a motion pursuant to Rule 60(b)(6) of the Rules of the Court of Federal Claims ("RCFC") to vacate the following two substantive opinions that Judge Braden had issued prior to her disqualification:

- On February 29, 2012, Judge Braden issued an opinion and order granting in part and denying in part the Government's motion to dismiss, and granting Demodulation's cross-motion to amend (Dkt. No. 15).

- On July 12, 2013, Judge Braden entered an opinion and order granting the Government's motion for partial summary judgment and denying Demodulation's cross-motion (Dkt. No. 29).

## Discussion

A. Standard of Review

Under RCFC 60(b)(6) the Court may vacate an order or judgment for any reason that justifies relief. RCFC 60(b)(6) and its counterpart Federal Rule of Civil Procedure 60(b)(6) provide courts with authority "adequate to enable them to vacate judgments

---

[1] This order addresses only the motion to vacate. The motion to compel discovery will be resolved in a separate order.

whenever such action is appropriate to accomplish justice." Klapprott v. United States, 335 U.S. 601, 614–15 (1949).

The circumstances that mandate disqualification of federal judges are defined in 28 U.S.C. § 455,[2] but the statute does not prescribe a specific remedy. Rather, when deciding whether to vacate a judgment or order for violation of § 455(a), a court should consider: (1) "the risk of injustice to the parties in the particular case"; (2) "the risk that the denial of relief will produce injustice in other cases"; and (3) "the risk of undermining the public's confidence in the judicial process." Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 864 (1988). The appearance of partiality carries the risk of undermining the public's confidence in the judicial process. Shell Oil Co. v. United States, 672 F.3d 1283, 1294 (Fed. Cir. 2012) (finding that judge's failure to recuse himself from entire action on grounds of financial interest was not harmless error because of the risk of undermining the public's confidence in the judicial process).

B. Analysis

Nothing in the limited facts available to the Court suggests that Judge Braden's association with Mr. Albright influenced her rulings in the two substantive orders that she issued prior to disqualification. The Court will not assess whether Judge Braden's recusal was warranted in the circumstances presented. Rather, the Court will assume that Judge Braden held some concern about the appearance of partiality towards the Defendant. The Court approaches Judge Braden's two substantive rulings through the same paradigm to determine whether Judge Braden's relationship with Mr. Albright might create the appearance of partiality.

Upon full consideration of the parties' positions, the Court concludes that if the orders of the now-recused judge were allowed to stand, Plaintiff could one day wonder whether the outcome of the case was influenced by a judge who later recused herself from the case. Given the Federal Circuit's strict application of disqualification requirements in Shell Oil, supra, Plaintiff's counsel raises the specter of incurring the time and expense to pursue this case to completion, only to have the appellate court rule that the case must begin anew. Thus, the safest course is to vacate Judge Braden's substantive orders because "justice must satisfy the appearance of justice." Liljeberg, 486 U.S. at 864. So that no questions remain about the appearance of Judge Braden's partiality, as unlikely as that possibility seems, the Court chooses to start with a clean slate. Accordingly, Plaintiff's motion to vacate is GRANTED. As the Court discussed with counsel at the close of oral argument, Plaintiff shall file forthwith its third amended

---

[2] Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned. 28 U.S.C. § 455.

complaint, after which Defendant shall respond to the complaint with an answer or motion as it deems appropriate.

IT IS SO ORDERED.

s/ Thomas C. Wheeler  
THOMAS C. WHEELER  
Judge