IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| DEMODULATION, INC.<br><br>    Plaintiff,<br><br>    v.<br><br>THE UNITED STATES,<br><br>    Defendant. | 1:11-cv-236<br><br>Judge Thomas C. Wheeler |
|---|---|

**JOINT [PROPOSED] SCHEDULE FOR PATENT CLAIM CONSTRUCTION**

    Pursuant to the Court's August 13, 2015 *Opinion and Order Confirming August 10, 2015 Bench Rulings on Outstanding Motions* (Docket No. 166), counsel for the parties have met and conferred and hereby submit this Proposed Schedule for Claim Construction up to the Hearing. The proposed schedule has been adapted from the U.S. District Court for the Northern District of California Local Patent Rules (http://www.cand.uscourts.gov/localrules/patent (last visited July 14, 2015)).  An expanded description of each scheduled event is provided below the table.

| Event | Parties' Proposed Dates |
|---|---|
| (1) Plaintiff's deadline to serve Disclosure of Asserted Claims and Infringement Contentions | Nov. 19, 2015 |
| (2)(a) Deadline for parties to meet and confer regarding motion for summary judgment of un-asserted patents | Dec. 4, 2015 |

| Event | Parties' Proposed Dates |
|---|---|
| (2)(b) Defendant's deadline to move for summary judgment of un-asserted patents and<br><br>(3) Defendant's deadline to serve Invalidity Contentions | January 21, 2016 |
| (4) Exchange of Proposed Terms for Construction | Feb. 4, 2016 |
| (5) Exchange of Preliminary Claim Constructions and Extrinsic Evidence | Feb. 18, 2016 |
| (6) Joint Claim Construction Statement and Prehearing Statement | March 3, 2016 |
| (7)(a) Plaintiff's Opening Claim Construction Brief: | March 24, 2106 |
| (7)(b) Defendant's Responsive Brief | April 14, 2016 |
| (7)(c) Plaintiff's Reply Brief | April 28, 2016 |
| (8) Claim Construction Hearing | At the convenience of the Court, after May 12, 2016 |
| (9) Amendment to Contentions | At the Court's discretion in accordance with law |

**(1) Disclosure of Asserted Claims and Infringement Contentions**

On the designated date, Plaintiff shall serve on the United States a "Disclosure of Asserted Claims and Infringement Contentions," which shall contain the following information:

(a) Each claim of each patent in suit that is allegedly infringed by the United States, including for each claim the applicable statutory subsections of 35 U.S.C. § 271 asserted;

2

(b) Separately for each asserted claim, each accused apparatus, product, device, process, method, act, or other instrumentality ("Accused Instrumentality") of the United States of which Plaintiff is aware. This identification shall be as specific as possible. Each product, device, and apparatus shall be identified by name or model number, if known. Each method or process shall be identified by name, if known, or by any product, device, or apparatus which, when used, allegedly results in the practice of the claimed method or process;

(c) A chart identifying specifically where each limitation of each asserted claim is found within each Accused Instrumentality, including for each limitation that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in the Accused Instrumentality that performs the claimed function.

(d) Whether each limitation of each asserted claim is alleged to be literally present or present under the doctrine of equivalents in the Accused Instrumentality;

(e) For any patent that claims priority to an earlier application, the priority date to which each asserted claim allegedly is entitled;

(f) The date of conception and the date of reduction to practice of each asserted claim; and

(g) If Plaintiff wishes to preserve the right to rely, for any purpose, on the assertion that its own apparatus, product, device, process, method, act, or other instrumentality practices the claimed invention, the party shall identify, separately

for each asserted claim, each such apparatus, product, device, process, method, act, or other instrumentality that incorporates or reflects that particular claim.

**(2) Defendant's Deadline to move for Summary Judgement of Un-asserted Patents**

(a) By the designated date the parties shall meet and confer regarding assertions of the following four patents:

- U.S. Patent Nos. 6,018,297; 7,075,439; and 7,071,417 which were not identified as being asserted against Defendant in Demodulation's interrogatory responses; and

- U.S. Patent No. 7,354,645, which is not assigned to Plaintiff, but to its defunct predecessor, Demodulation, LLC.

(b) If the parties are unable to come to agreement by the designated date, Defendant may file a motion for summary judgment to resolve the dispute as to the four patents.

**(3) Invalidity Contentions**

On the designated date, Defendant shall serve on Plaintiff its "Invalidity Contentions" which shall contain the following information:

(a) The identity of each item of prior art that anticipates the claim or renders it obvious. Each prior art patent shall be identified by its number, country of origin, and date of issue. Each prior art publication must be identified by its title, date of publication, and, where feasible, author and publisher. Evidence of public use or

        sale shall be presented by specifying the item offered for sale or publicly used, the date the offer or use took place, the identity of the persons or entities which made the use, made the offer, and received the offer;

(b)     Whether it anticipates the claim or renders it obvious. If a combination of prior art references renders a claim obvious, that combination must be identified;

(c)     A chart identifying where specifically in each alleged item of prior art each limitation of each asserted claim is found, including for each limitation that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in each item of prior art that performs the claimed function; and

(d)     Any grounds of invalidity based on 35 U.S.C. § 101, indefiniteness under 35 U.S.C. § 112(2) or enablement or written description under 35 U.S.C. § 112(1) of any of the asserted claims.

**(4) Exchange of Proposed Terms for Construction**

(a)     On the designated date, each party shall serve on each other party a list of claim terms which that party contends should be construed by the Court, and identify any claim term which that party contends should be governed by 35 U.S.C. § 112(6).

(b)     The parties shall thereafter meet and confer for the purposes of limiting the terms in dispute by narrowing or resolving differences and facilitating the ultimate

preparation of a Joint Claim Construction and Prehearing Statement. The parties shall also jointly identify the 25 terms likely to be most significant to resolving the parties' dispute, including those terms for which construction may be case or claim dispositive.

**(5) Exchange of Preliminary Claim Constructions and Extrinsic Evidence**

(a)  On the designated date, the parties shall simultaneously exchange proposed constructions of each term identified by either party for claim construction. Each such "Preliminary Claim Construction" shall also, for each term which any party contends is governed by 35 U.S.C. § 112(6), identify the structure(s), act(s), or material(s) corresponding to that term's function.

(b)  At the same time the parties exchange their respective "Preliminary Claim Constructions," each party shall also identify all references from the specification or prosecution history that support its proposed construction and designate any supporting extrinsic evidence including, without limitation, dictionary definitions, and citations to learned treatises and prior art. Extrinsic evidence shall be identified by production number or by producing a copy if not previously produced.

(c)  The parties shall thereafter meet and confer for the purposes of narrowing the issues and finalizing preparation of a Joint Claim Construction and Prehearing Statement.

**(6) Joint Claim Construction and Prehearing Statement**

On the designated date, the parties shall complete and file a Joint Claim Construction and Prehearing Statement, which shall contain the following information:

(a)   The construction of those terms on which the parties agree;

(b)   Each party's proposed construction of each disputed term, together with an identification of all references from the specification or prosecution history that support that construction, and an identification of any extrinsic evidence known to the party on which it intends to rely either to support its proposed construction or to oppose any other party's proposed construction, including, but not limited to, as permitted by law, dictionary definitions, and citations to learned treatises and prior art;

(c)   An identification of the terms whose construction will be most significant to the resolution of the case, up to a maximum of 25. The parties shall also identify any term whose construction will be case or claim dispositive.

(d)   The jointly agreeable dates for a claim construction hearing on all disputed issues of claim construction.

**(7) Claim Construction Briefs**

(a)   On the designated date, Plaintiff shall serve and file an opening brief and any evidence supporting its claim construction.

(b)   On the designated date, Defendant shall serve and file its responsive brief and supporting evidence.

    (c)    On the designated date, Plaintiff shall serve and file any reply brief and any evidence directly rebutting the supporting evidence contained in Defendant's response.

### (8) Claim Construction Hearing

Subject to the convenience of the Court's calendar, but not sooner than 14 days after the submission of the claim construction reply brief specified above in (7)(c), the Court shall conduct a Claim Construction Hearing, to the extent the parties or the Court believe a hearing is necessary for construction of the claims at issue.

### (9) Amendment to Contentions

Amendment of the Infringement Contentions or the Invalidity Contentions may be made only by order of the Court in accordance with law. A claim construction by the Court different from that proposed by the party seeking amendment may support a basis in fact and law to permit an Amendment.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | BENJAMIN C. MIZER<br>Principal Deputy Assistant Attorney General |
|  | JOHN FARGO<br>Director |
|  | *s/ Gary L. Hausken* |
| OF COUNSEL: | GARY L. HAUSKEN<br>Assistant Director |
| ALICE SUH JOU<br>Attorney<br>Department of Justice | Commercial Litigation Branch<br>Civil Division<br>Department of Justice<br>Washington, DC  20530<br>Telephone:    (202) 307-0342<br>Facsimile:     (202) 307-0345 |
|  | *Attorney for Defendant, the United States* |
|  | *s/ Keith A. McKenna\**<br>KEITH A. MCKENNA, ESQ.<br>The McKenna Law Firm, LLC<br>96 Park Street<br>Montclair, NJ 07042 |

\*signed with permission provided by email.

August 27, 2015