# In the United States Court of Federal Claims

No. 11-236C

(Filed: September 18, 2015)

```
*****************************
                              *
DEMODULATION, INC.,           *
                              *
           Plaintiff,         *   Unduly   Burdensome   Subpoena
                              *   Duces Tecum; Failure to Allow
v.                            *   Reasonable Response Time; Award
                              *   of Attorneys' Fees and Costs as
THE UNITED STATES,            *   Sanction Under Rule 45(d)(1).
                              *
           Defendant.         *
                              *
*****************************
```

*Keith A. McKenna*, The McKenna Law Firm LLC, Montclair, New Jersey, for Plaintiff.

*Gary L. Hausken*, with whom were *Benjamin C. Mizer*, Principal Deputy Assistant Attorney General, *John Fargo*, Director, and *Alice Suh Jou*, Of Counsel, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, D.C., for Defendant.

*Daniel C. Schwartz*, with whom was *Brenda A. Gonzalez*, Bryan Cave LLP, Washington, D.C., for Non-Party Technology Service Corporation.

OPINION AND ORDER AWARDING
NON-PARTY'S ATTORNEYS' FEES AND COSTS

WHEELER, Judge.

On May 8, 2015, non-party Technology Service Corporation ("TSC") filed a motion to quash Plaintiff Demodulation, Inc.'s subpoena duces tecum, claiming that the subpoena imposed an undue burden on TSC and failed to allow a reasonable time for compliance. On May 12, 2015, the Court granted TSC's motion to quash, finding that Demodulation's subpoena on its face was overly broad, unreasonable, and imposed an undue burden on TSC. As a sanction on Demodulation for serving a patently unreasonable subpoena, the Court awarded TSC its attorneys' fees for having to file a motion to quash. TSC filed its

claim for attorneys' fees and costs on May 20, 2015, seeking $15,680.80 for 30.70 hours of legal work. TSC also requested $32.80 in costs for printing.

On June 9, 2015, Demodulation moved for reconsideration of the Court's order granting TSC's motion to quash, and later objected to the amount of TSC's attorneys' fees. In response to Demodulation's motion, the Court reconsidered its May 12, 2015 order but ultimately upheld its decision granting the motion to quash and awarding attorneys' fees. The Court directed TSC to file a revised statement of its attorneys' fees for having to respond to Demodulation's motion for reconsideration. TSC filed its revised statement of fees on July 27, 2015, this time seeking $45,249.50 in attorneys' fees for 84.50 hours of legal work plus $378.40 for Lexis and Westlaw computerized research. Demodulation did not object to this revised statement.

In assessing a claim for attorneys' fees, the amount of the fees must be reasonable. To determine whether a fee is reasonable, courts typically multiply a reasonable number of hours for the work performed by a reasonable hourly rate. The Court finds that the hourly rates charged by Daniel C. Schwartz and Brenda A. Gonzalez, the two Bryan Cave attorneys who worked on this matter, are reasonable and in line with the prevailing rate among private law firms in the District of Columbia. However, the amount of time spent on the various pleadings is unreasonably high for lawyers of Mr. Schwartz's and Ms. Gonzalez's level of experience.[1] Accordingly, the Court will reduce the number of hours by one-half for a total of 42.25 hours. Multiplying this total by the average hourly rates of the two attorneys and Eileen M. Weiss, a Bryan Cave paralegal who worked on the pleadings, yields an award of $22,624.88.

## Factual Background

On April 24, 2015, Demodulation served TSC with a subpoena duces tecum requesting "all documents and other information no matter how stored related to contract number W15P7T-09-C-S011." TSC's Mot. to Quash at 9, Dkt. No. 116. The subpoena afforded TSC only five business days to respond. Id. TSC retained the law firm of Bryan Cave to assist in responding to Demodulation's subpoena. See id. at 2-3. The primary attorneys handling the motion to quash were Mr. Schwartz, a partner with a billing rate of $850 per hour, and Ms. Gonzalez, an associate with a billing rate of $425 an hour. Bryan Cave also used Ms. Weiss as a paralegal on this matter, with a billing rate of $310 per hour. The firm discussed the subpoena with TSC's corporate counsel, London Propst, and sought Mr. Propst's declaration to support the motion to quash. See Decl. of London Propst at 22-28, Dkt. No. 116. After failed attempts to confer with Demodulation's then counsel of record, Benjamin D. Light, TSC filed its motion to quash arguing that Demodulation's

---

[1] Human nature would suggest that lawyers might not be quite as diligent in controlling the time spent in preparing pleadings if they know that the bill will be paid by an adversary rather than their client.

subpoena failed to allow TSC a reasonable time to comply and would subject TSC to an "undue and unreasonable burden." Id. at 11.

The Court agreed with TSC that the subpoena on its face was overly broad, unreasonable, and would impose an undue burden on TSC. See Order Quashing Subpoena Duces Tecum at 1, Dkt. No. 120. Additionally, Rule 45(d)(1) required the Court to award sanctions in these circumstances, and it found that the assessment of attorneys' fees was appropriate here. Id. at 1-2. Accordingly, the Court directed TSC to file a statement detailing its reasonable attorneys' fees and costs. TSC's statement requested $15,680.80 in attorneys' fees, reflecting 30.70 hours of work and $32.80 for "Expenses and Other Charges." Dkt. No. 126 at 22.

After the Court granted TSC's motion to quash, Demodulation filed an objection to TSC's claim, arguing that the requested fees were unreasonable because they were not in line with the prevailing rate in the community for similar services. Demodulation also claimed that the attorneys spent an unreasonable amount of time drafting a standard motion to quash and declaration, particularly given the level of experience the lawyers claimed to have. Pl.'s Opp. at 7-10, Dkt. No. 140. TSC responded, arguing that the hourly rates charged by Bryan Cave were reasonable and that the amount of time the Bryan Cave attorneys spent in responding to Demodulation's overly broad and unduly burdensome subpoena was appropriate because of the unique laws, rules, and standards applicable to this case. See TSC's Resp. to Pl.'s Opp. at 6-12, Dkt. No. 143 ("TSC's Resp.").

On June 9, 2015, Demodulation filed a motion for reconsideration of the Court's May 12, 2015 Order granting TSC's motion to quash. Demodulation argued that the Court's order quashing the subpoena was entered before Demodulation had a chance to respond, allegedly violating due process and constituting a manifest error of law. In making this argument, Demodulation failed to consider that the Court had to issue a ruling quickly because of the extremely short response time Demodulation had given TSC to comply with the subpoena. The Court granted Demodulation's motion for reconsideration and reviewed Demodulation's arguments on the merits. However, the Court found that its ruling on the motion to quash should be upheld as the facts had not changed: the subpoena was overly broad and created an undue burden on TSC, and Demodulation never agreed to narrow the scope of the subpoena. The Court also found that an award of attorneys' fees continued to be the appropriate sanction. Accordingly, the Court directed TSC to file a revised statement to include its fees associated with responding to Plaintiff's motion for reconsideration. On July 27, 2015, TSC filed its revised statement, this time seeking $45,627.90 in attorneys' fees reflecting 84.50 hours of work and $378.40 for Lexis and Westlaw computerized research. TSC's Revised Statement at 9, Dkt. No. 157. The claimed costs of $32.80 from the original bill were deleted. Id. at 1. Demodulation did not object to TSC's revised statement.

Analysis

A.  The Hourly Rates Charged in Bryan Cave's Statement are Reasonable.

Attorneys' fees are calculated by the Lodestar method which involves multiplying "the number of hours reasonably expended on the litigation [. . .] by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).  The burden to show that a rate is reasonable is on the person or party seeking the fees.  However, as long as the requested rates are in line with the prevailing market rate, they are presumptively reasonable.  Blum v. Stenson, 465 U.S. 886, 896 n.11 (1984).  The prevailing market rate is the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." Id.  One of the ways to determine whether or not a fee is reasonable is by looking at the most current Laffey Matrix.  Bywaters v. United States, 670 F.3d 1221, 1226 (Fed. Cir. 2012) (using the Updated Laffey Matrix).  Other factors helping to determine whether attorneys' fees are reasonable are: (1) the rates typically charged by the attorney or firm in question during the relevant time period; (2) expert reports comparing a particular attorney's or firm's rates charged to rates of similar attorneys and firms during the same time period; and (3) evidence of market conditions at that time.  SUFI Network Servs., Inc. v. United States, 785 F.3d 585, 593 (Fed. Cir. 2015).

Mr. Schwartz is a partner at Bryan Cave who has over 45 years of law practice in both the government and private firms.  TSC's Resp. at 8.  According to the National Law Journal, partners in the District of Columbia charge on average $748 per hour.  Id. at 29-30.  Mr. Schwartz is not an ordinary partner, however.  According to his biography on the Bryan Cave website, he has received three awards as one of "The Best Lawyers in America."  For lawyers of comparable skill in the District of Columbia, partners charge from $985 to $1,250.  Id. at 8.  Thus, his billing rate is reasonable when compared to other lawyers with his level of skill, experience, and reputation.  Mr. Schwartz's rate is also reasonable when compared to the Updated Laffey Matrix.  This updated data reflects an hourly billing rate for Mr. Schwartz of $789.  Mr. Schwartz's current billing rate is only $61 higher than the Updated Laffey Matrix.  This is a minimal difference considering Mr. Schwartz's level of experience.

Ms. Gonzalez's billing rate also is reasonable.  Ms. Gonzalez is a fourth year associate at Bryan Cave.  Id. at 8.  The District of Columbia boasts one of the highest billing rates in the country for law firm associates.  Id. at 30.  The Updated Laffey Matrix lists the rate for a fourth year associate in Washington, D.C. as $402 per hour.  This rate is comparable to Ms. Gonzalez's actual rate of $425 per hour.  Further, Ms. Weiss's rate as a paralegal is reasonable given that she has over 25 years of experience.  See Decl. of Daniel C. Schwartz at 9, Dkt. No. 126.  Accordingly, the Court finds that the hourly rates charged by Mr. Schwartz, Ms. Gonzalez, and Ms. Weiss are reasonable and therefore a reduction to their hourly rates is not warranted or necessary.

B.  <u>Bryan Cave's Claimed Hours Spent on TSC's Filings are Too High.</u>

The claimed number of hours worked must also be reasonable in any attorney fee award.  See <u>Hensley</u>, 461 U.S. at 433.  A "court can exclude excessive and unreasonable hours from its fee computation by making an across-the-board reduction in the amount of hours."  <u>Luciano v. Olsten Corp.</u>, 109 F.3d 111, 117 (2d Cir. 1997).  Courts may reduce fees if they believe the time spent on a particular matter was unreasonable or excessive.  <u>See, e.g.</u>, <u>Wong v. Hunda Glass Corp.</u>, No. 09-4402, 2010 WL 3452417, at *4 (S.D.N.Y. 2010) ("upon review of Lee's hours, the Court finds that some time expenditures were unnecessary or excessive, and that an experienced attorney should not have required as much time.").

It is undisputed that Mr. Schwartz is an experienced and skilled attorney who should have been adept at preparing a relatively routine motion to quash and supporting declaration showing that a subpoena is overly broad or unduly burdensome, a motion for reconsideration based upon manifest injustice, and a statement of fees.  This is surely not the first time Bryan Cave and Mr. Schwartz have had to submit such motions to a court.  Minimal oversight of Ms. Gonzalez was necessary.  In little time, Mr. Schwartz could have easily guided Ms. Gonzalez to draft the various motions and two statements of fees that TSC submitted to the Court.  The issues in the motion to quash, the fee statements, and TSC's opposition to Demodulation's motion for reconsideration were straightforward and hardly novel or unique.  See <u>Am. Broad. Corp., Inc. v. Aereo, Inc.</u>, No. 13-59, 2013 WL 6086867, at *6 (N.D. Iowa 2013) (noting that while the underlying action was complex, the "motion to quash a subpoena [was] not").  While the specific case and facts might have been unfamiliar to Bryan Cave, <u>see</u> TSC's Resp. at 12 ("this was a new matter with its own set of facts"), TSC's filings were not.  Accordingly, the Court finds that a fifty percent reduction in the number of hours across the board, from 84.50 to 42.25, is warranted to account for the excessive hours billed.  Multiplying 42.25 hours by the $535.50 average hourly rate for Mr. Schwartz, Ms. Gonzalez and Ms. Weiss, <u>see</u> TSC's Revised Statement at 8, yields an award of $22,624.88.

## Conclusion

For the foregoing reasons, the Court awards TSC $22,624.88 in attorneys' fees plus $378.40 in costs for Lexis and Westlaw computerized research.  TSC's September 15, 2015 Request for Entry of Judgment is dismissed as moot.

The responsibility for satisfying this award of attorneys' fees and costs is on the previous attorney of record, Benjamin D. Light, and his law firm at the time, The Callagy Law Firm.  The fees and costs are not to be assessed against the Plaintiff, Demodulation, or its present attorney of record, Keith A. McKenna.

IT IS SO ORDERED.

                                                s/Thomas C. Wheeler
                                                THOMAS C. WHEELER
                                                Judge