# In the United States Court of Federal Claims

No. 11-236C

(Filed: January 29, 2016)

```
*************************************
                                    *
DEMODULATION, INC.,                 *
                                    *
            Plaintiff,              *   Patent Infringement Case; Rule 54
                                    *   Motion for Reconsideration; Failure
v.                                  *   to Respond to Discovery Requests;
                                    *   Dismissal of Trade Secret Claims as
THE UNITED STATES,                  *   Sanction Under Rule 37.
                                    *
            Defendant.              *
                                    *
*************************************
```

*Keith A. McKenna*, The McKenna Law Firm LLC, Montclair, New Jersey, for Plaintiff.

*Gary L. Hausken*, with whom were *Benjamin C. Mizer*, Principal Deputy Assistant Attorney General, *John Fargo*, Director, and *Alice Suh Jou*, Of Counsel, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, D.C., for Defendant.

ORDER ON PLAINTIFF'S MOTION FOR RECONSIDERATION
OF THE COURT'S AUGUST 13, 2015 ORDER

WHEELER, Judge.

On December 8, 2015, counsel for Plaintiff Demodulation, Inc. ("Demodulation") filed a motion for reconsideration of the Court's August 13, 2015 Order, Dkt. No. 166, dismissing all of Plaintiff's trade secret claims as contained in Counts One, Two, Four, and Five of Plaintiff's Third Amended Complaint. Pl.'s Mot. at 1.[1] Pursuant to Rule 37, the Court dismissed Plaintiff's trade secret claims with prejudice for failure to assert or describe the claims with any meaningful detail despite being ordered to do so by the Court no fewer than three times.

---

[1] Plaintiff does not seek reconsideration of the monetary sanctions entered against Benjamin D. Light, Plaintiff's former counsel of record, and his former law firm, Callagy Law, P.C.

1. Factual and Procedural History

Concerns with Plaintiff's description of its trade secrets claims arose well over a year ago. After Demodulation produced just one page of responsive material and failed to identify its trade secret claims in response to the Government's discovery requests, the Government filed a Motion to Compel Answers on October 31, 2014. Dkt. No. 74. When the deadline passed with no response, the Government filed its Motion to Enter Order Compelling Discovery and to Show Cause. Dkt. No. 77. The Court granted the Government's Motion to Compel and ordered Demodulation to furnish a complete response to the Government's First Set of Interrogatories and First Set of Requests for Production no later than January 5, 2015. Dkt. No. 79. Additionally, the Court ordered Demodulation to show cause why it should not be sanctioned. Id. On January 5, 2015, then counsel of record for Demodulation, Mr. Benjamin D. Light, filed a declaration explaining why neither he nor Demodulation should be sanctioned. Dkt. No. 81. Mr. Light's declaration notwithstanding, Demodulation had yet to respond to the Government's discovery requests and thus the Court ordered Demodulation to submit supplemental discovery responses and to furnish all responsive documents by February 11, 2015. Dkt. No. 83.

Despite multiple orders from this Court to furnish complete discovery responses, Demodulation's supplemental responses failed to remedy its incomplete document production and incomplete answers to the Government's interrogatories. In response to these inadequacies, the Government filed its Renewed Motion to Compel Discovery and for Sanctions. Dkt. No. 91. On August 13, 2015, the Court issued an order dismissing Plaintiff's trade secret claims. As the Court explained, "[d]ismissal of all the trade secret claims is entirely warranted here. . . . Demodulation was given multiple chances to correct and amend its responses, and its conduct was not merely the product of a misunderstanding of the Court's orders." Dkt. No. 166 at 9.

2. Standard of Review

The decision of whether to grant a motion for reconsideration is squarely within the discretion of the trial court. Under Rule 54(b), the Court can revise "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties [that] does not end the action as to any of the claims or parties" prior to entry of a judgment adjudicating all claims. Reconsideration under Rule 54 is "available 'as justice requires.'" Martin v. United States, 101 Fed. Cl. 664, 671 (2011). Although the standard for reconsideration is imprecise and affords discretion to the trial court, "reconsideration is 'not intended . . . to give an unhappy litigant an additional chance to sway' the court." Id. (quoting Matthews v. United States, 73 Fed. Cl. 524, 525 (2006)). Instead, such a motion should only be granted upon the showing of "exceptional circumstances justifying relief, based on manifest error of law or mistake in fact. . . ." Webster v. United States, 93 Fed. Cl. 676, 679 (2010) (citing Henderson Cty. Drainage

2

Dist. No. 3 v. United States, 54 Fed. Cl. 334, 337 (2003)).  Exceptional circumstances include:  (1) an intervening change in the controlling law; (2) availability of previously unavailable evidence; or (3) preventing manifest injustice.  Shirlington Limousine & Transp., Inc. v. United States, 78 Fed. Cl. 27, 29 (2007).  To prevail, a party seeking reconsideration based upon "manifest injustice" must demonstrate that the injustice is "apparent to the point of being almost indisputable." Webster, 93 Fed. Cl. at 679 (quoting Pac. Gas & Elec. V. United States, 74 Fed. Cl. 779, 785 (2006)).

   3.  Analysis

   Claim dismissal by a trial court pursuant to Rule 37 generally requires advance warning from the court and a showing of more than mere negligence on the part of the sanctioned party.  See Ingalls Shipbuilding, Inc. v. United States, 857 F.2d 1448, 1451 (Fed. Cir. 1988) ("A party's simple ignorance, grounded in confusion or sincere misunderstanding of the Court's orders, does not warrant dismissal.") (internal citations omitted).  Dismissal is appropriate when the court expressly highlights the inadequacy of discovery responses and warns the responding party that it may be subject to sanctions.  R.W. Int'l Corp. v. Welch Foods, Inc., 937 F.2d 11, 15 (1st Cir. 1991); see Wexell v. Komar Indus., 18 F.3d 916, 920 (Fed. Cir. 1994) (finding that dismissal was an appropriate sanction where the plaintiff willfully disobeyed the court's order to provide responses to initial discovery requests, was warned of the consequences of failing to respond, and caused prejudice to the defendant); see also Refac Int'l v. Hitachi, Ltd., 921 F.2d 1247, 1255-56 (Fed. Cir. 1990) (affirming trial court's dismissal of plaintiff's suit and sanctions for failure to provide adequate supplemental responses to initial inadequate discovery responses despite the court's order).

   In seeking reconsideration of the Court's August 13, 2015 Order, Demodulation claims that it "took all steps it could have taken at that time [when the claims were dismissed] to comply" with the trade secrets discovery requests and orders.  Pl.'s Mot. 4.  Additionally, Demodulation claims that it "was not aware that the Court also believed the supplemental answers to be inadequate" and that it "was not on notice of the possibility of the imposition of any sanctions. . . ."  Id. at 7.  Finally, Demodulation highlights the monetary sanctions the Court imposed on its prior counsel to argue that "the additional sanction of dismissal with prejudice of the Trade Secret Claims was in error given the availability of the lesser sanctions and the manifest injustice that resulted."  Id. at 4.  Plaintiff's arguments misconstrue the procedural history of this litigation and contain factual assertions that are patently false.

   As this Court already has explained, the steps Plaintiff had taken to comply with the discovery requests when the claims were dismissed were so grossly inadequate that the Court determined Plaintiff had no trade secrets to protect and "that it would be unfair to the Government to allow such claims to go forward."  Dkt. No. 166 at 9.  Although Demodulation now seeks to shift responsibility for its failure to articulate its claims to its

3

prior counsel, Demodulation is the party asserting the trade secret claims in this matter and it should have been able to come forward with a comprehensible description of those claims in a timely fashion. It failed to do so. After first offering evasive boilerplate responses to the Government's interrogatories, Demodulation then submitted a response indicating the Government could find its trade secrets somewhere among 2,360 pages of partly illegible documents it had produced. Id. at 9. The "Claim Chart" included as an appendix to Plaintiff's Reply to Opposition to Motion for Reconsideration, filed on January 7, 2016, is too little, too late. Reply, App'x 1. "At the very least, a defendant is entitled to know the bases for plaintiff's charges against it. The burden is upon the plaintiff to specify those charges, not upon the defendant to guess what they are." Xerox Corp. v. Int'l Bus. Machines Corp., 64 F.R.D. 367, 371 (S.D.N.Y. 1974). Plaintiff's ongoing refusal to specify its trade secret appropriation charges has caused prejudice to the Government. Without knowledge of Demodulation's trade secrets, the Government has been unable to determine whether any of those secrets were misappropriated, and thus has not been able to develop its defense.

The record does not support Plaintiff's claims of being unaware that the Court considered its discovery responses inadequate or that dismissal of its trade secrets claims was a possibility. After multiple Government motions and Court orders requesting identification of Plaintiff's trade secret claims failed to elicit an adequate response from Plaintiff, the Court held a status conference on April 2, 2015. During this conference, the Court repeatedly asked Plaintiff's counsel to describe the claims, to no avail. Dkt. No. 110. At that time, there was already a motion pending from the Government seeking partial dismissal of Plaintiff's claims as a sanction. On the record, the Court expressly stated that the Government's motion for sanctions was fully briefed and the Court would be ruling on it in short order. Id. Thus, Plaintiff's claims that it was unaware that the Court considered its discovery responses inadequate and that it had no warning regarding the possibility of sanctions are simply untenable, if not disingenuous.

4. Conclusion

Demodulation had notice that the Court considered its responses to the Government's discovery requests regarding its trade secret claims inadequate. Further, Demodulation was given multiple opportunities to address this inadequacy. It failed to do so, even when facing a clear possibility of sanctions by this Court. Demodulation's refusal to cooperate has frustrated the Government's ability to litigate this matter. As Demodulation was given fair warning of sanctions and multiple opportunities to respond to the Government in a satisfactory manner, it was well within the discretion of this Court to dismiss Demodulation's trade secret claims. Any "injustice" Demodulation now perceives is of its own making. Accordingly, Plaintiff's motion for reconsideration of the portion of this Court's August 13, 2015 Order dismissing Plaintiff's trade secret claims is DENIED.

IT IS SO ORDERED.

>s/Thomas C. Wheeler
> THOMAS C. WHEELER
> Judge